**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MARLON WILLIAMS**                                                                                      **PETITIONER**

**VS.**                                           **CASE NO. 5:11CV00026 SWW/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                                                       **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

1

>    Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Marlon Williams, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Williams challenges his disciplinary court convictions rendered against him on April 21, 2011, while he was housed at the ADC's East Arkansas Regional Unit. As a result of his disciplinary convictions, he was placed in punitive isolation for thirty days, and was reduced from class 1 to class 4.

In his petition for habeas corpus relief, Mr. Williams claims that there was insufficient evidence to support his disciplinary convictions and that the convictions were obtained in violation of his due process right to a hearing before an impartial fact-finder.

The respondent contends the petition should be dismissed for a variety of reasons. We have considered the merits of the petitioner's claim, and recommend that the petition be dismissed.

**Sufficiency of the Evidence.**   Mr. Williams was charged and convicted of six disciplinary violations[1]. When notified of the charges on April 15, 2010, the petitioner named four inmates and requested witness statements be taken from them.  A disciplinary hearing was conducted on April 21, 2010.  The disciplinary hearing officer found as a factual basis for her decision that the staff found that Mr. Williams intimidated his cellmate to perform oral sex on Williams out of fear for his life or bodily injury.  The evidence relied upon by the disciplinary hearing officer included the staff report, which was accepted as credible, as well as the statement of Mr. Williams and the statements of the witnesses named by Mr. Williams.  We should note, however, that the federal courts do not provide a de novo review of a prison disciplinary court's findings. *Cummings v. Dunn*, 630 F.2d 649, 650 (8th Cir. l980); *Willis v. Ciccone*, 506 F.2d l0ll, l0l8 (8th Cir. l974).  The only inquiry to be made by this Court is, therefore, whether "some evidence" supports the decision of the disciplinary board. *See Superintendent v. Hill*, 472 U.S. 445, l05 S. Ct. 2768, 86 L.Ed.2d 356, 365 (l985). *See also Brown v. Frey*, 807 F.2d l407, l4l4 (8th Cir. l986).

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement.  Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time

---

[1]Rape; demanding/receiving money or favors or anything of value in return for protection against other, to avoid bodily harm or being informed upon; engaging in sexual activity with another consenting person; making sexual proposals to another person; failure to obey verbal and/or written orders of staff; and any act or acts defined as felonies or misdemeanors by the state of Arkansas.  See docket entry 16-1, page 2.

> credits is not comparable to a criminal conviction, and neither is the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. at 455-56.

Mr. Williams urges the Court to believe his version of the events. The pertinent standard set forth in *Hill*, however, does not invite the Court to weigh the credibility of the witnesses. Instead, our inquiry is whether there is any evidence to support the guilty verdict. In this case, evidence cited in the disciplinary hearing report constitutes "some evidence" to support the disciplinary conviction, satisfying the requirement of *Hill v. Superintendent, supra.*. The disciplinary hearing officer is charged with, among other things, evaluating the credibility of the witnesses. The petitioner's disagreement with the credibility assessment of the disciplinary hearing officer does not overcome the ruling when there is some evidence to support the disciplinary court decision. As a result, we find no merit to the petitioner's first claim for relief.

T**he convictions were obtained in violation of his due process right to a hearing before an impartial fact-finder.** In his brief in support of his petition for writ of habeas corpus, Mr. Williams alleges that the hearing officer, Ms. Minnie Drayer, disregarded the applicable rules and found him guilty without any evidence other than the allegations against Williams. In particular, the petitioner cites the lack of physical evidence. Docket entry no. 2, pages 6-7. We find no error in this regard, however, having already concluded that some evidence was adduced to support the convictions.

Mr. Williams also alleges that Ms. Drayer "displayed an act of prejudice by the facial expressions she held while reading the disciplinary." Docket entry no. 2, page 10. The petitioner further noted "the look was very mean and aggressive as well as her attitude which means she

already had her mind made up on her decision." Docket entry no. 2, page 10. Mr. Williams also noted that the hearing officer became impatient when presented with his statement. The record shows that his statement was part of the record considered by the hearing officer. In summary, Mr. Williams faults the hearing officer for being biased based upon the observations of her mannerisms.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that due process in the context of prison disciplinary proceedings required the following: advanced written notice of the charges; a written statement by the factfinder of the evidence relied upon and the reasons for the ruling; an inmate's right to call witnesses and present documentary evidence; and the right to counsel substitutes in some instances. A review of the record reflects all of the due process requirements were satisfied in this case. The alleged bias on the part of the disciplinary hearing officer is without factual basis. The petitioner's speculation about the officer's motives and mannerisms does not amount to a showing of bias on the part of the fact finder. There is no merit to this claim.

As a result of the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to pursue relief in state court.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __20__ day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE